**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

AZAMAT NARYNBEKOV (A No. 245-494-834),

Petitioner,

v.

WARDEN, et al.,

Respondents.

Case No. 1:26-cv-05348-JLT-EPG

ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND ORDERING PETITIONER'S IMMEDIATE RELEASE

(Doc. 1)

Azamat Narynbekov is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 5.) In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition for writ of habeas corpus.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Kyrgyztan who entered the United States on November 20, 2023, where he was encountered by U.S. Customs and Border Protection. (Doc. 1 at 6; Doc. 9 at 4.) That day, Department of Homeland Security issued a Notice to Appear charging Petitioner as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act and released him on his own recognizance.[1] (Doc. 1 at 6; Doc. 9 at 4.) Following his release, Petitioner filed an I-589

[1] Both Petitioner and Respondents, through the I-213, indicate that Petitioner was released with a Notice

Application for Asylum and Withholding of Removal which remains pending. (Doc. 1 at 6.) As part of his asylum application, Petitioner also applied and obtained a valid work authorization, which remains valid until June 2029. (*Id*. at 6–7; Doc. 1-1 at 11.) Thereafter, petitioner obtained a commercial driver's license and began working as a commercial truck driver to support his family. (Doc. 1 at 7.) Petitioner is married to a U.S citizen with whom he shares a U.S. citizen child. (*Id*.) On January 2, 2026, Petitioner also filed an I-130 Petition for Alien Relative, which also remains pending. (*Id*.; Doc. 1-1 at 9.) Petitioner's removal proceedings are ongoing, and he is not currently subject to a final order of removal.[2] (Doc. 1 at 6.) There is no indication in the record that Petitioner poses a flight risk or danger to the community. (*See* Docs. 1, 6, 7, 9, 10.) Instead, Petitioner indicates that he has appeared for every immigration proceeding and has complied with every condition of release. (Doc. 1 at 6.) The I-213 further indicates that Petitioner has no criminal history. (Doc. 9 at 4.)

On May 24, 2026, while working his route as a truck driver, Petitioner entered the truck driver's scale lane and was stopped by local police as part of a regulatory inspection of all commercial vehicles. (*Id*. at 7; Doc. 9 at 4; Doc. 10 at 6–7.) Upon discovering that Petitioner was in the country unlawfully, local police arrested him for being in violation of immigration laws and transferred him to ICE custody on May 25, 2026. (Doc. 9 at 4; Doc. 10 at 6–7.) Petitioner is being detained in ICE custody at Central Valley Annex Detention Facility in McFarland, California. (Doc. 1 at 5.) On July 12, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[3] (Doc. 1.) On August 4, 2026, Respondents filed a response to the habeas

---

to Appear on November 20, 2023, upon his entry into the United States. (Doc. 1 at 6; Doc. 9 at 4.) However, DHS did not file the Notice to Appear with the immigration court until September 10, 2025, and therefore removal proceedings did not begin until that date. (*See* Doc. 9 at 9.)

[2] Upon entering Petitioner's A-Number into EOIR's website, the automated case information indicates that Petitioner's removal proceedings began September 10, 2025, that there is an upcoming master calendar hearing on October 8, 2026, and that Petitioner is not currently subject to an order of removal. *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited August 26, 2026).

[3] Petitioner initially filed a habeas petition in the United States District Court for the Western District of Oklahoma, where he was initially detained in ICE custody before being transferred to the Central Valley Annex Detention Facility in McFarland, California. (Doc. 1 at 2.) However, that case is now closed after Petitioner filed a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i). (*Id*. at 4); *see*

petition on the grounds that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A). (Doc. 6.) On August 4, 2026, Petitioner filed a reply. (Doc. 7.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment.[4] (Doc. 1 at 19–20, 23–24.) To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and therefore categorically ineligible for a bond hearing. (Doc. 6.) Courts nationwide, including this one, have rejected Respondents' legal position and found the DHS policy unlawful. *See e.g.*, *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026) (finding that § 1226(a), not § 1225(b), governs the detention of a similarly situated petitioner); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO,

---

*Narynbekov v. Grant et al.*, No. 5:26-cv-01196-G, Dkt. No. 14 (W.D. Okla. July 10, 2026).

[4] Because the Court grants relief under the Fifth Amendment Due Process Clause, the Court need not address the additional claims raised in the habeas petition. (*See* Doc. 1 at 19–25.)

2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

## IV. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[5];

3. The Clerk of Court is directed to serve the Central Valley Annex Detention Facility in McFarland, California with a copy of this Order.

4. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _August 26, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

---

[5] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.